IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF MONTANA 
 BUTTE DIVISION 

IN RE: SNOWFLAKE, INC., DATA 
SECURITY BREACH LITIGATION 
 CASE No.: 2:24-MD-3126-BMM 
This Document Relates to Defendants: 
ADVANCE AUTO PARTS, INC. and 
ADVANCE STORES COMPANY 
INCORPORATED 

 ORDER GRANTING PLAINTIFFS’ UNOPPOSED 
 MOTION FOR FINAL APPROVAL OF CLASS ACTION 
 SETTLEMENT AND APPLICATION FOR ATTORNEYS’ 
 FEES, COSTS, AND SERVICE AWARD 

 THIS CAUSE comes before the Court on Plaintiffs’ Unopposed Motion for 
Final Approval of Class Action Settlement and Application for Attorneys’ Fees, 
Costs, and Service Awards (Doc. 545),1 filed on September 8, 2025, requesting entry 
of an order: (1) granting Final Approval to the Settlement; (2) certifying the 
Settlement Class for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and 

1 All capitalized terms used herein have the same meanings as those defined in 
Section II of the Settlement Agreement (“SA”) attached to the Motion for Final 
Approval as Exhibit A. (See Doc. 415-1.) 
23(b)(3); (3) reappointing the Plaintiffs as Class Representatives; (4) reappointing 
Devlan Geddes, Raph Graybill, John Heenan, Amy Keller and Jason Rathod as Class 

Counsel for the Settlement Class; (5) awarding Service Awards to the Class 
Representatives; (6) awarding attorneys’ fees and costs to Class Counsel; (7) 
affirming the appointment of Kroll Settlement Administration, LLC as the 

Settlement Administrator and approving the payment of the remainder of the 
Settlement Administration Costs; (8) overruling timely and properly submitted 
objections, if any; and (9) entering final judgment dismissing the Action with 
prejudice as to the Defendant and reserving jurisdiction over Settlement 

implementation. 
 The Court held a hearing on the Motion for Final Approval on October 23, 
2025. Having already analyzed the Settlement in entering the Preliminary Approval 

Order (Doc. 436), and having again carefully reviewed the Motion for Final 
Approval, the proposed Settlement and its exhibits, all relevant filings, the record, 
and the argument from the Parties’ counsel at the Final Approval Hearing, the Court 
finds the Settlement Class should be finally certified, the Settlement satisfies the 

final approval criteria, and the Application for Attorneys’ Fees, Costs and Service 
Awards should be granted. 
 BACKGROUND AND PROCEDURAL HISTORY 

 1. Defendant is an automotive aftermarket parts provider that operates 
retail stores primarily in the United States. In the course of its business, Defendant 
stores Personal Information pertaining to employees and candidates for employment, 

including, but not limited to, names, email addresses, mailing addresses, dates of 
birth, driver’s license numbers, Social Security numbers, demographic details, and 
more. 

 2. On or about May 23, 2024, Defendant discovered an unauthorized party 
gained access to its Snowflake cloud data storage application. 
 3. Commencing on June 24, 2024, Defendant was named in the first of 11 

putative class action lawsuits. 
 4. Before the cases were centralized in this Court, a number of cases were 
consolidated in the Eastern District of North Carolina with interim class counsel 

appointed. The parties in those actions began discussing settlement and scheduled a 
mediation with Bennett G. Picker, Esq., an experienced data breach mediator, on 
October 1, 2024. The Related Action plaintiffs propounded mediation discovery 
requests and received responses, learning a significant amount about the Data 

Incident to ensure that their negotiations were adequately informed. Counsel in the 
Related Actions also exchanged mediation briefs outlining their positions with 
respect to liability, damages, and settlement-related issues. After a full day of 

negotiations at mediation, the Parties made substantial progress but were unable to 
reach a Settlement. 
 5. Thereafter, the Judicial Panel on Multidistrict Ligation centralized the 
Related Actions, along with other actions against Defendant and other actions 

against other defendants, under In re Snowflake Inc. Data Security Breach 
Litigation, No. 2:24 MD-3126-BMM. The Court selected Lead Counsel and an 
Executive Committee on November 19, 2024. 

 6. On February 3, 2025, Lead Counsel filed a Representative Class Action 
Complaint, asserting causes of action against Defendant for (1) negligence; (2) 
breach of implied contract; and (4) violations of the California Consumer Privacy 
Act (“CCPA”) against Defendant. (See Doc. 320.) Counsel for Plaintiffs also 

consulted with data experts to understand how the Data Incident occurred, the type 
of information involved, and whether the information was published on the Dark 
Web. 

 7. Following the significant progress made before the creation of the 
MDL, the Parties continued to conduct extensive settlement discussions, 
culminating in a settlement in principle in early March 2025. Thereafter, on March 
11, 2025, the Parties filed a Joint Notice of Settlement and Motion to Stay All 

Deadlines Pending Approval of Class Action Settlement. (Doc. 368.) 
 8. Over the next several weeks, the Parties continued to negotiate at arms’-
length over the Settlement’s terms. They also exchanged confirmatory discovery, 

interviewed potential administrators, and negotiated the Notice Program and Claims 
Process. The Parties executed the Agreement in May 2025. 
 9. On May 15, 2025, Plaintiffs filed their Motion for Preliminary 

Approval, which the Court granted on May 22, 2025. (Docs. 415, 434.) The Court 
amended the Preliminary Approval Order on May 22, 2025, as to the date of the 
Final Approval Hearing only. (Doc. 436.) The Court entered its Preliminary 

Approval Order, which, inter alia (1) preliminarily approved the Settlement; (2) 
determined that, for purposes of the Settlement only, the Action should proceed as a 
class action and certified the Settlement Class; (3) appointed Plaintiffs as Class 
Representatives; (4) appointed Class Counsel; (5) appointed Kroll as Settlement 

Administrator; (6) approved the form and manner of Notice and the Notice Program; 
(7) approved the Claim Process and Claim Form; and (8) set the Final Approval 
Hearing date. 

 10. Following Preliminary Approval, as confirmed in declarations by Class 
Counsel and the Settlement Administrator filed in support of the Motion for Final 
Approval, the Parties and the Settlement Administrator commenced and completed 
the Notice Program. Notice was provided to the Settlement Class in accordance with 

the Court’s Preliminary Approval Order by direct Email Notice or Postcard Notice, 
and the Long Form Notice was available to Settlement Class Members on the 
Settlement Website or on request to the Settlement Administrator. The Settlement 

Class was given the opportunity to opt-out or object to the Settlement and to file 
Claims. The deadline to file Claims was October 8, 2025. 
 JURISDICTION OVER PARTIES AND SETTLEMENT CLASS 
 MEMBERS AND NOTICE OF PROPOSED SETTLEMENT 

 11. The Court has subject matter jurisdiction over the Action and personal 
jurisdiction over the Parties and all Settlement Class Members. 
 12. Pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, notice was 
duly provided to via first-class certified mail, to (a) the Attorney General of the 
United States, (b) the fifty-one (51) state and territorial Attorneys General identified 

in the service list for the CAFA Notice (Doc. 545-3, Exhibit B), and (c) via email to 
the Nevada Attorney General. 
 13. Pursuant to the Court’s Preliminary Approval Order, the Settlement 

Administrator has complied with the approved Notice Program as confirmed in its 
declaration filed with the Court. The form and method for notifying the Settlement 
Class of the Settlement and its terms and conditions was in conformity with this 
Court’s Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. 

P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the 
circumstances. The Court finds that the Notice Program was clearly designed to 
advise the Settlement Class members of their rights. Further, the Court finds that the 

Claims Process set forth in the Agreement was followed and that the process was the 
best practicable procedure under the circumstances. 
 14. 
 FINAL CERTIFICATION OF SETTLEMENT CLASS 
 15. In the Preliminary Approval Order, the Court certified the Settlement 

Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). (Doc. 436.) No circumstances 
have arisen that justify altering the Settlement Class. Accordingly, final certification 
of the following Settlement Class is warranted, for settlement purposes: 

 All persons in the United States whose Private Information was 
 potentially compromised as a result of the Data Incident and who were 
 sent notice of the Data Incident. The Settlement Class is estimated to 
 be approximately 2.3 million individuals. 

The Court also grants final certification to the following Settlement Subclass: 
 All Settlement Class Members who are Residents of California. 
Excluded from the Settlement Class are: (1) all persons who are governing board 
members of Defendant; (2) governmental entities; (3) the Court, the Court’s 
immediate family, and Court staff; and (4) any Settlement Class Member who timely 
and validly requests to opt-out from the Settlement. 
 16. Based upon information provided, the Settlement Class satisfies 
numerosity; there are common questions of law and fact, including whether 
Defendant’s Data Incident potentially compromised Plaintiff’s and Settlement Class 
Members’ Private Information, satisfying commonality; the proposed Class 

Representatives’ claims are typical, in that they are members of the Settlement Class, 
thereby alleging they have damaged by the same conduct as other Settlement Class 
Members; the proposed Class Representatives and Class Counsel have fully, fairly 
and adequately protected the interests of the Settlement Class and will continue to 
do so; questions of law and fact common to members of the Settlement Class 

predominate over questions affecting only individual members for settlement 
purposes; and a nationwide class for settlement purposes is superior to other 
available methods for the fair and efficient adjudication of this controversy. Fed. R. 

Civ. P. 23(a), (b)(3). 
 17. The appointments of the Class Representatives, Class Counsel, and the 
Settlement Administrator are affirmed. 
 FINAL APPROVAL OF SETTLEMENT 

 18. The Court does hereby finally approve the Settlement as being fair, 
reasonable, and adequate as to the Settlement Class Members. In making this ruling, 
the Court considered the Fed. R. Civ. P. 23(e)(2) factors in conjunction with the 

Ninth Circuit’s traditional factors set forth in Churchill Vill., L.L.C. v. Gen. Elec., 
361 F.3d 566, 575 (9th Cir. 2004). 
 19. The Settlement was negotiated through good faith, informed, and arm’s 
length negotiations by class action attorneys familiar with the legal and factual issues 

at stake. Given the complexity of data breach litigation and with the risks outlined 
in the Motion for Final Approval, the Settlement provides substantial benefits to all 
Settlement Class Members and prospective relief by Defendant’s business practice 

changes, which would be unavailable if Plaintiffs ultimately lost or were only 
partially successful. The Settlement Agreement avoids further delay and expense in 
obtaining recovery. 

 20. Class Counsel state that, in their view, the Settlement Agreement 
represents an adequate result. The reaction of the Settlement Class to the Settlement 
has been very favorable with a significant number of Claims having been submitted. 

Importantly, no Settlement Class Members objected to the Settlement. 
 21. The Settlement treats all Settlement Class Members equitably because 
they may all claim Settlement Class Member Benefits, and distribution plan for those 
benefits is fair, reasonable, and adequate. 

 ATTORNEYS’ FEES AND COSTS 
 22. The Court finds that Class Counsel and Plaintiffs’ counsel achieved an 
adequate result for the Settlement Class. The Court finds that this Action required 

significant outlays of time and resources for Class Counsel and Plaintiffs’ counsel 
and was litigated zealously by both Parties. The Court also finds that data breach 
litigation is ever-evolving and complex and, therefore, presented substantial risks to 
Plaintiffs and their counsel to succeed. 

 23. The Court finds that the Settlement Class Members faced a significant 
risk of no recovery, much of the cost of which would have been borne by Class 
Counsel and Plaintiffs’ counsel such that they took on significant financial risk on 

behalf of the Settlement Class Members. 
 24. This Court finds the business practice changes Defendant has taken to 
further secure the Personal Information stored in its computer security systems and 

environment also provide value to the Settlement Class. Though that value is not 
specifically quantifiable to be include in the Rule 23(b)(3) Settlement Fund for 
purposes of calculating the attorneys’ fee award, the Court finds that it “nonetheless 

[is] a substantial benefit with real economic and noneconomic value which justifies 
the requested fee percentage.” Anderson v. Boyne USA, Inc., No. 2:21-cv-00095-
BMM, 2025 WL 1755223, at *3 (D. Mont. June 25, 2025) (citing Staton, 327 F.3d 
at 964 (9th Cir. 2003)). 

 25. Thus, Class Counsel is awarded 33.33% of the Settlement Fund or 
$3,333,000 for attorneys’ fees under the percentage of the recovery method. This 
Court considered alternative measures for attorneys’ fees, including the lodestar 

method, and finds the percentage of recovery method to be to be appropriate, 
particularly given that the total amount of the Settlement is a fixed amount without 
any reversionary payment to Defendant. The Court evaluated the attorneys’ fee 
award under Fed. R. Civ. P. 23(h) and considering the following factors set forth in 

Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047-50 (9th Cir. 2002): (a) the results 
achieved; (b) the risk of the litigation; (c) the skill required; (d) the quality of the 
work performed; (e) the contingent nature of the fee and the financial burden; and 

(f) awards made in similar cases. The Court concludes awarding 33.33% of the 
Settlement Fund is fair and within the range of reason. 
 26. The Court also awards $85,243.79 for reasonable litigation costs 

necessarily incurred in the Action. 
 27. The attorneys’ fees and costs shall be paid from the Settlement Fund in 
accordance with the Agreement. 

 SERVICE AWARDS 
 28. The Court finds that Service Awards of $2,500 each for the Class 
Representatives is fair and reasonable in light of, inter alia: (i) the time and effort of 
the Class Representatives to the Action; (ii) the significant financial and reputational 

risks faced by the Class Representatives through their initiation and participation in 
the Action; (iii) the amount of the Service Awards when compared to the Settlement 
benefits Settlement Class Members who made Valid Claims will receive when 

compared to the Settlement Fund and Net Settlement Fund; and (iv) the adequate 
result achieved for the Settlement Class. The Service Award shall be paid from the 
Settlement Fund in accordance with the Agreement. 
 SETTLEMENT IMPLEMENTATION 

 29. Because the Court grants Final Approval of the Settlement set forth in 
the Agreement as fair, reasonable, and adequate, the Court authorizes and directs 
implementation of all terms and provisions of the Settlement. 

 30. All Parties to this Action, including all Settlement Class Members, are 
bound by the Settlement as set forth in the Agreement and this Final Approval Order. 
 31. Those individuals who have opted-out of the Settlement (Doc. 581-1) 

will not be bound by the Agreement or the Releases contained therein. 
 32. As of the Effective Date, and in exchange for the relief described in the 
Agreement, the Releasing Parties shall release the Released Parties from the 

Released Claims. 
 33. Based on the information presented to the Court, the Claims Process 
has proceeded as ordered and was consistent with the Agreement and Preliminary 
Approval Order. All Settlement Class Members who submitted Valid Claims shall 

receive their Settlement Class Member Benefits pursuant to the Settlement’s terms. 
All Settlement Class Members who did not submit a Claim, or for whom the Claim 
is determined to be invalid, shall still be bound by the terms of the Settlement and 

Releases therein. 
 34. Judgment shall be, and hereby is, entered dismissing the Action with 
prejudice, on the merits. 
 35. Plaintiffs and all Settlement Class Members and Releasing Parties, and 

persons purporting to act on their behalf, are permanently enjoined from 
commencing or prosecuting (either directly, representatively, or in any other 
capacity) any of the Released Claims against any of the Released Parties in any 

action or proceeding in any court, arbitration forum, or tribunal. 
 36. The Court hereby retains and reserves jurisdiction over (a) 
implementation of the Settlement and any distributions to the Settlement Class 

Members; (b) the Action, until the Effective Date, and until each and every act 
agreed to be performed by the Parties shall have been performed pursuant to the 
terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, 

for the purpose of enforcing and administering the Settlement. 
 37. In the event the Effective Date of the Settlement does not occur, the 
Settlement shall be rendered null and void to the extent provided by and in 
accordance with the Agreement, and this Final Approval Order and any other order 

entered by this Court in accordance with the terms of the Agreement shall be vacated, 
nunc pro tunc. In such event, all orders entered and releases delivered in connection 
with the Settlement shall be null and void and have no further force and effect, shall 

not be used or referred to for any purpose whatsoever, and shall not be admissible 
or discoverable in any proceeding. The Action shall return to its status immediately 
prior to execution of the Agreement. 
 38. There being no just reason for delay, the Clerk of Court is hereby 

directed to enter final judgment forthwith pursuant to the Fed. R. Civ. P. 58. 
 Accordingly, IT IS ORDERED that Plaintiffs’ unopposed motion for final 
approval of class action settlement and application for attorneys’ fees, costs, and 

service award (Doc. 545) is GRANTED. 
DATED this 23 day of October 2025. 

 Brian Morris, Chief District Judge 
 United States District Court 

 14